CONTINENTAL ASSURANCE COMPA-
NY, an Illinois insurance
corporation, Plaintiff,

v.

AMERICAN BANKSHARES CORPORA-
TION, a Wisconsin corporation; Feder-
al Deposit Insurance Corporation, a
federal agency acting as receiver for
American City Bank & Trust Company,
N.A.; Colonial Bank & Trust Company,
an Illinois banking corporation; Ernst
& Ernst, a partnership; Harold L. Er-
ickson; Walter F. Benz; William
Bruce, II; John D. Cahill; Gerald S.
Colburn; Peter F. Wegmann; Henry S.
Lauterbach; Nicholas J. Lesselyoung;
Harold F. Lichtsinn; W. Stanley
Pearce; Clement J. Schwingle; James
W. Sullivan; Robert J. Trecker; Rich-
ard D. Wright; Bernard D. Heifetz;
Raymond E. Scroggins; William E.
Wierdsma; Albert M. Deshur; Edward
A. Korpady; Edward C. Radi; and Bar-
rett S. Zuckerman, Defendants.

No. 76–C–248.

United States District Court,
E.D. Wisconsin.

Jan. 3, 1985.

Howard A. Pollack, Charne, Glassner, Tehan, Clancy & Taitelman, Milwaukee, Wis., Andrew W. Horstman and Harding A. Orren, Robins, Zelle, Larson & Kaplan, Minneapolis, Minn., for plaintiff.

Scroggins and Radi, defendants, pro se.

Dominic S. Amato, Fiorenza, Weiss, Amato & Persa, Milwaukee, Wis., for defendant Wierdsma.

Ronald L. Wallenfang and Matthew J. Flynn, Quarles & Brady, Milwaukee, Wis., for defendants Deshur, Heifetz, Korpady, Lauterbach, Lesselyoung, Lichtsinn, Pearce, Colburn, Bruce, Debelak and Schwingle.

William H. Alverson and William B. Graves, Godfrey & Kahn, Milwaukee, Wis., for defendant Ernst & Ernst.

David J. Cannon and Jose Olivieri, Michael, Best & Friedrich, Milwaukee, Wis., for defendant Wegmann.

William E. Callahan, Jr., Davis & Kuelthau, Milwaukee, Wis., for the Estates of defendants Benz and Wright.

William R. Soderstrom, Fox, Carpenter, O'Neill & Shannon, Milwaukee, Wis., for defendant Trecker.

Erickson defendant, pro se.

## ORDER

WARREN, District Judge.

Two motions are pending before the Court in this action. Defendant Robert J. Trecker, formerly an Outside Director of American City Bank, has filed a motion for summary judgment with respect to count six of the complaint. Defendant Harold L. Erickson has filed a motion to dismiss count six, which is the plaintiff's only remaining claim. Since the Court has been advised that the plaintiff has settled its claims against defendants Edward Radi and the Estates of Wright and Benz, the motions filed on behalf of the latter two defendants will not be considered pending submission of the settlement papers.

On November 20, 1984, 601 F.Supp. 329, the Court issued a Decision and Order in this action which dismissed count six, a common law fraud claim, against several defendants known in this case as the Outside Directors. The Court also dismissed count six against defendant William Wierdsma. In doing so, the Court relied upon affidavits submitted by these parties to the effect that they were not involved in the transaction involving the issuance of capital notes of American City Bank to the plaintiff, and that they were unaware of any misrepresentations made by American City Bank or its representatives with respect to the loan transaction. In response, the plaintiff submitted evidence that the Note Agreement specifying the terms of the financial transaction was placed before the Board of Directors of American City Bank at their meeting on March 21, 1973. Plaintiff also submitted a copy of the deposition of Raymond Scroggins, who testified that he believed that all of the directors of American City were aware of the problematical Mirochnik loan, a financial catastrophe for the bank and a focal point of the fraud claim.

In opposing defendant Trecker's motion, the plaintiff has resubmitted much of the same evidence considered by the Court in issuing its last Decision and Order. In support of his motion, Trecker has filed his affidavit, which is substantially the same as those submitted previously by the Outside Directors.[1] Thus, the Court is called

---

**1.** Defendant Trecker was not represented by counsel at the time the Outside Directors and other defendants filed their motions for summary judgment. At the status conference held on

upon to decide whether there is any evidence pertaining to defendant Trecker that would distinguish his situation from that of the other Outside Directors, or whether his motion should be granted for the same reasons theirs was.

▮▮▮ The Court remains convinced that the plaintiff has not met his burden under Rule 56(e), Federal Rules of Civil Procedure, to counter the statements presented in sworn affidavits with "specific facts showing that there is a genuine issue for trial." As the Court stated in its last Decision and Order, an essential element of common law fraud is that there be knowledge on the part of the alleged perpetrator that a misrepresentation has been made. *Federal Deposit Insurance Corporation v. Lesselyoung, et al.,* 476 F.Supp. 938, 946 (E.D.Wis.1979), *aff'd* 626 F.2d 1327 (7th Cir.1980). Like the affidavits of the Outside Directors, defendant Trecker's affidavit plainly states that he had no such knowledge. None of the evidence submitted by the plaintiff indicates that there was knowledge by Trecker or any of the other Outside Directors that misrepresentations had been made concerning the financial condition of American City Bank. At most, plaintiff's evidence indicates that the directors who were at the March 21, 1973 meeting, of whom Trecker was one, knew of the pending loan transaction and were aware of the disasterous Mirochnik loan. Given this evidence, a substantial leap is required to infer that these directors realized that fraudulent misrepresentations had been made by American City Bank or its representatives to the plaintiff.

The plaintiff states that the Court has erroneously treated all of the directors of American City Bank alike, whereas it is more likely that some of the directors knew more about the loan transaction than others. The Court is well aware that certain directors may have known more about the

financial transaction than others. If it appears that the Court has treated all the directors alike, it is because the plaintiff has not fulfilled its burden to set forth specific facts that raise a material issue as to whether any of the directors knew that misrepresentations had been made. The plaintiff has simply not submitted sufficient evidence to counteract the affidavits of the directors. Therefore it would be an injustice to differentiate between these directors when they stand in the same position legally. Accordingly, defendant Trecker's motion for summary judgment as to count six will be granted.

Defendant Erickson's motion to dismiss count six is based on his having been adjudged bankrupt in December, 1976. Erickson claims that any debts owed by him relative to this lawsuit were discharged as a result of the bankruptcy proceedings. In any case, Erickson insists that he is currently bereft of any assets, that he has debts of $150,000.00 which survived his bankruptcy, and that a lawsuit against him would be pointless.

Previously, the Court dismissed all claims against a former defendant in this action, Barrett S. Zuckerman, who was adjudged bankrupt in 1981. Erickson asks that, in the interests of fairness and consistency, the Court afford him the same relief.

Plaintiff argues that Erickson is not entitled to the same relief that Zuckermann received because the latter's bankruptcy proceedings were governed by the new Bankruptcy Code, adopted in 1978. Erickson's bankruptcy proceedings, on the other hand, were controlled by the old Bankruptcy Act. Plaintiff contends that the discharge provisions under the new Code are more liberal than those under the old Act, and that Zuckerman's potential liability to the plaintiff was discharged while Erickson's was not.

November 20, 1984, the Court granted the request of defendant Trecker's recently employed

counsel to file belatedly a dispositive motion.

Section 403 of the Bankruptcy Code provides that any bankruptcy case commenced under the old Act "shall continue to be governed" by that Act, as if the new Code had not been enacted. Since Erickson's case was filed in 1976, before the new Code was adopted, the Court must look to the old Act to determine whether his potential liability to the plaintiff was discharged.

Section 17(a) of the Bankruptcy Act provides that all provable debts of a bankrupt are discharged in bankruptcy. Provable debts are defined in section 63 of that Act, and include "fixed liabilit(ies), as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition...." Erickson's potential liability to the plaintiff in this action was not fixed at the time of his bankruptcy since there has been no final judgment in this matter. Nor does Erickson's potential debt to the plaintiff fall under any of the other categories of provable debts enumerated in section 63. Accordingly, Erickson's potential liability to the plaintiff was not discharged by his bankruptcy.

In contrast to the Bankruptcy Act, the Bankruptcy Code has abolished the concept of provable debts and contains much more liberal discharge provisions. 3 *Collier on Bankruptcy* ¶ 523.02 (15th ed. 1984). Under sections 101(4) and 727 of the Code, a legal obligation may be discharged even if the claim has not been reduced to judgment. *Id.* Since Zuckerman's bankruptcy proceedings were governed by the Code, it was appropriate for the Court to dismiss the plaintiff's claims against him, while it would not be appropriate for the Court to do so with respect to the claims against Erickson.

As a result, defendant Erickson will remain a party to this action, even though it appears likely that a judgment against him would not avail the plaintiff of any financial remuneration. It is the plaintiff's prerogative to seek such a judgment, and the Court has no authority to dismiss a claim simply because the prosecution of it would be a fruitless endeavor.

For the foregoing reasons, the Court hereby grants defendant Trecker's motion for summary judgment as to count six of the complaint against him. The Court denies defendant Erickson's motion to dismiss count six.